Chief Justice Robertson
delivered the Opinion of the Court.
In 1822, Butler conveyed to Triplett, some real estate in Mountsterling, at the price of four thousand dollars; paid in promissory notes, assigned by Triplett, for two thousand and nine hundred dollars ; a tract of land at six hundred dollars, and another tract of one thousand and forty acres, at five hundred dollars — both conveyed by Triplett to Butler.
In the conveyance of the latter tract, Triplett covenanted that, if any portion of the land should be “ taken ” by a superior claim, he would convey to Butler, out of an adjoining tract, two acres for every acre which should be so taken.
Bill.
Answer.
Deoreé
in 1830, Butler having represented to Triplett that an adversary claim of one Thomas, deemed paramount to that of Triplett, covered four hundi’ed and five acres of the thousand and forty acres, requested a fulfilment of the warranty, without a suit for testing the conflicting titles; and Triplett, having, in the mean time, sold and conveyed to a stranger, the land out of which he had covenanted to indemnify Butler, agreed, in con-, sideration of the premises, to pay him four hundred and five dollars; and accordingly paid him thirty five dollars, and gave him his bond for three hundred' and seventy dollars.
To enjoin a judgment obtained on that note, and rescind the contract for the land, Triplett instituted this suit in chancery. He alleges in his bill, that he was not responsible to Butler, for more than the original consideration for the four hundred and five acres of land covered by Thomas’ claim, which was less than fifty cents an acre ; and that, therefore, instead of four hundred and five dollars, he was not bound to pay as much as two hundred dollars, but that the note was executed in-haste, and through inadvertence and mistake.
He suggests doubts as to the validity of Butler’s title to the Mountsterling estate, and avers, that he had paid Butler eighty seven dollars,, for which he asks a decree;
Butler, in his answer, alleges, that he had a perfect title to the property which he had conveyed to Triplett, and exhibits documents of title apparently complete. He denies that there was any haste, or mistake, in the execution of the bond for three hundred and seventy dollars : avers that Triplett had sold, for fifty cents an acre, the land which he had covenanted to convey to him as an indemnity ; and therefore agreed, that, as he could not make him a title to the land, he would pay him money in lieu of it, at the rate at which he had sold it; and that consequently, as eight hundred and ten acres (double the quantity admitted to have been virtually lost,) amounted, at fifty cents an acre, to four hundred and five dollars, Triplett agreed to pay him that sum.
Upon the bill‘and answmr, the circuí court perpetuated the injunction to the entire judgment, and decreed to *154 Triplett a restitution of the thirty five dollars and the eighty seven dollars.
If vendee ofland discover a paramount title,and, without eviction or suit obtain the bond of his vendor for an agreed sum as an indemnity for the anticipa-tedioss,thecon-sideration is sufficient to uphold the bond.
A payment to the holder of an obligation, may he presumed— when it does not appear- at what time or on what consideration it was made — to have been made on account of the obligation.
If the vendor of land covenant with his vendee, that if any of the land is lost, he will convey, of another tract, two acres for one, and a paramount title appears, of which the vendor has notice, and after wards sells the land outofwhich the indemnity was to be made, for a price per ■he may he held accountable to the firs l vendee, for the proceeds of twice as' many acres as he lost, although the amount he double the consideration that he paid for it. — The vendor cannot he relieved against his bond given for a compromise on that principle. acre equal to that he received for the tract first sold-
As there ivas no cause for rescinding the original contract, the ónly ground on which the decree coulcl be maintained, would be, that there had been a total want of consideration. But, although there had been no actual eviction, there was a valid consideration for the bond; for Triplett might have waived a formal eviction,which would have increased his responsibility ; and that he did so, should be inferred from his conduct and even from his bill. It is too late, therefore, to object, even if he had objected in his bill, that Butler had never been evicted. There is no allegation of fraud, or misrepresentation, or even misconception, as to Thomas’ claim, or as to the extent of its interference with Butler’s thousand and forty acres. Consequently, there is no sufficient ground for the decree of the circuit court.
Although Triplett does not state when, or on what consideration, he paid the eighty seven dollars, yet' we are inclined to the opinion, that, as there is no proof that he made the payment prior to the execution of his bond, or that he owed Butler on any other account, he should be entitled to a credit for the eighty seven dollars.
But, as Butler might have been .entitled to the eight hundred and ten acres of land, if Triplett had not sold it, and especially as Triplett parted with the title after he seems to have had notice of the interference of Thomas’ claim, it would be difficult to maintain that he was under no obligation, either equitable or moral, to account to Butler for the price which he had received for the eight hundred and ten acres, or for its value at the time of their settlement. What that price or value was, can only be inferred from the fact that Triplett’s bond may appear to have fixed it at fifty cents an acre, and he does-not suggest that it was less. It seems to us, therefore, that, having given his bond for that amount, he should not impeach the consideration, unless he could es- *155 tabJish fraud or mistake. There is no proof whatever of either ; and we do not feel authorized to presume either, under all the circumstances.
If a complainant is entitled to any relief' (tho* partial) be recovers costs.
There being no proof to the contrary, this court should presume that the parties understood their relative rights and obligations, and accordingly adjusted them, by a fair, amicable, and final compromise, which was a sufficient consideration for the bond.
Wherefore, it is ordered by this court, that the decree of the circuit court be reversed, and the cause remanded with instructions to perpetuate the injunction for eighty seven dollars, and dissolve it for the residue of the amount enjoined. Triplett must pay the costs in this court ; but, as he is entitled to some relief, he should have a decree for the costs in the circuit court.